UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JASON C. BROWN**, Petitioner, vs. **ERIC RARDIN**, Respondent. | 2:24-CV-12368-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 10);**<br><br>**AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 6)** |

On September 10, 2024, Jason C. Brown filed a petition for habeas corpus relief against Eric Rardin, the Warden of the Federal Correctional Institute in Milan, Michigan. ECF No. 1; *see* ECF No. 3 (changing case caption to reflect that Rardin is the Warden of FCI Milan). Brown's petition claimed that Rardin was violating the Constitution and the First Step Act, 18 U.S.C. § 3624(g), by refusing to transfer Brown to prerelease custody. ECF No. 1, PageID.1-2. When he filed his petition for relief, Brown was incarcerated at FCI Milan. ECF No. 1, PageID.5; ECF No 10-1, PageID.62. On October 22, 2024, Brown filed a "Motion for Expedited Summary Judgment," in which he requested that the Court grant him judgment as a matter of law. ECF No. 6.

On November 19, 2024, Brown informed the Court that his address had changed to 314 Main St., Apt. 2, Greenup, KY 41144. ECF No. 9, PageID.52.

And on January 2, 2025, Rardin moved to dismiss Brown's lawsuit. ECF No. 10. The deadline for Brown to respond to Rardin's Motion has long passed. In his Motion, Rardin submitted a sworn declaration by S. Allison-Love, a Senior Attorney for the Federal Bureau of Prisons at FCI Milan. ECF No. 10-1, PageID.61. Allison-Love declared that on November 5, 2024, Brown was released from FCI Milan, and placed in pre-release custody. *Id.* at PageID.62.

Rardin argues that Brown's petition should be dismissed because Brown's transfer to pre-release custody has rendered the petition moot. ECF No. 10, PageID.57. Rardin's argument is well-taken. Courts lack jurisdiction to hear cases when they are moot, meaning that "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Int'l Union, United Auto., Aerospace, Agr. & Implement Workers of Am. v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir. 1983) (*quoting Powell v. McCormack*, 395 U.S. 486, 496 (1969)). And when a court does not have jurisdiction to hear a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, the relief that Brown sought was to be transferred to prerelease custody. ECF No. 1, PageID.1-2. And Brown has now been

2

transferred to prerelease custody. ECF No. 9, PageID.52; ECF No. 10-1, PageID.62. Consequently, the issues presented in this lawsuit are no longer "live." *See Marshek v. Eichenlaub*, 266 Fed. App'x 392, 392-93 (6th Cir. 2008) (dismissing a habeas petition as moot when the petitioner had sought to be transferred to a halfway house, and he was then transferred to a halfway house); *Antoine v. Rardin*, No. 24-CV-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025)(White, J.) (also finding that a prisoner's petition for prerelease custody was mooted when he was placed in prerelease custody). Because Brown's petition is moot, the Court lacks jurisdiction, and must dismiss Brown's petition under Fed. R. Civ. P. 12(h)(3).

Therefore, Rardin's Motion to Dismiss is **GRANTED**. Brown's Motion for Summary Judgment is also **DENIED** as moot.

**SO ORDERED.**

Dated: April 28, 2025      /s/Terrence G. Berg
                           HON. TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

3